# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2013

Lyle W. Cayce
Clerk

CARMEN ARELI AYALA-RIVAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 476 636

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carmen Areli Ayala-Rivas, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) order denying her requests for withholding of removal and protection under the Convention Against Torture (CAT). We generally review only the order of the BIA, but we will consider the underlying decision of the IJ if it influenced the BIA's decision. *Mikhael v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*INS*, 115 F.3d 299, 302 (5th Cir. 1997).  We consider both decisions in the instant case.  *See id.*

Whether an alien has demonstrated eligibility for withholding of removal or protection under the CAT is a factual determination that we review for substantial evidence.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  The substantial evidence test requires that the decision be based on the evidence presented and that the decision be substantially reasonable.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion."  *Chen*, 470 F.3d at 1134.

To obtain withholding of removal, an applicant must show a clear probability that she will be persecuted upon her return to her home country.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion."  *Id.*

Ayala-Rivas asserts that, if she is returned to El Salvador, she will be persecuted on account of her membership in a particular social group – her family.  To establish a particular social group, Ayala-Rivas must show "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

The IJ and BIA did not err in concluding that Ayala-Rivas did not demonstrate that she was a member of a particular social group entitled to protection.  The putative group of Ayala-Rivas's family is overly broad and does not establish a meaningful basis for distinguishing Ayala-Rivas from other

people.   Ayala-Rivas also has failed to establish either that society would perceive members of a family unit opposed to Mara Salvatrucha (MS) as a group or that her family is in a substantially different situation than anyone in the general population who resists MS or is perceived as a threat to its interests.   Accordingly, there is substantial evidence to support the IJ and BIA's determination that Ayala-Rivas is ineligible for withholding of removal. *See Chen*, 470 F.3d at 1134; *Carbajal-Gonzalez*, 78 F.3d at 197.

Ayala-Rivas argues that the IJ and BIA erred in denying her relief under the CAT.  To obtain CAT relief, an alien must show that it is more likely than not that she will suffer torture if deported to her home country.  *Chen*, 470 F.3d at 1139; 8 C.F.R. § 208.16(c)(2).  The CAT defines torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."   8 C.F.R. § 208.18(a)(1).  Ayala-Rivas presented no evidence of past torture or evidence that, if removed to El Salvador, it is more likely than not that she will suffer torture by the instigation or acquiescence of the El Salvadoran government. § 208.16(c)(3), (c)(2); *Chen*, 470 F.3d at 1139.

Accordingly, Ayala-Rivas's petition for review is DENIED.